

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

February 17, 1975

The Honorable Wilson E. Speir
Director
Texas Department of Public Safety
P. O. Box 4087
Austin, Texas 78773

Opinion No. H- 529

Re: Whether, under the Family
Code, local officials may
furnish Texas Department of
Public Safety with statistics
on juvenile crime.

Dear Colonel Speir:

You have requested our opinion concerning the effect of section
51.14 of the Family Code on the Department of Public Safety's duty to
compile statistics concerning the number and nature of criminal offenses
committed within the State.   V. T. C. S., arts. 4413(14), 4476-15, § 5.14.

Article 4413 (14), V. T. C. S., provides in part:

> The Bureau [of Identification and Records] shall
> collect information concerning the number and
> nature of offenses known to have been committed
> in the State, of the legal steps taken in connection
> therewith, and such other information as may be
> useful in the study of crime and the administration
> of justice.

Section 5.14 of article 4476-15 provides:

> All law enforcement agencies in this state shall
> file semiannually with the director a report of
> all arrests for drug offenses made by them during
> the preceeding six months.  Such reports shall be
> made on forms provided by the director, and shall
> contain such information as required therein.

The Department of Public Safety has submitted copies of the forms utilized to collect this information, those being IR-40A (REV 1-74) and IR-103. These forms deal only with the nature and number of crimes committed and the age, race, and sex of the offender. The forms contain no information which could lead to the identity of the offender.

Section 51.14 of the Family Code provides in part:

(a) All files and records of a juvenile court, a clerk of court, or a prosecuting attorney relating to a child who is a party to a proceeding under this title are open to inspection only by:

(1) the judge, probation officers, and professional staff or consultants of the juvenile court;

(2) an attorney for a party to the proceeding;

(3) a public or private agency or institution providing supervision of the child by arrangement of the juvenile court, or having custody of the child under juvenile court order; or

(4) with leave of juvenile court, any other person, agency, or institution having a legitimate interest in the proceeding or in the work of the court . . . .

(c) Law-enforcement files and records concerning a child shall be kept separate from files and records of arrests of adults and shall be maintained on a local basis only and not sent to a central state or federal depository.

(d) Except for files and records relating to a charge for which a child is transferred under Section 54.02 of this code to a criminal court for prosecution, the law-enforcement files and records are not open to public inspection nor may their contents be disclosed to the public, but inspection of the files and records is permitted by:

(1) a juvenile court having the child before it
in any proceeding;
(2) an attorney for a party to the proceeding;
and
(3) law-enforcement officers when necessary
for the discharge of their official duties.

Section 51.16 of the Family Code deals with the sealing of juvenile
files and records, providing in part:

(e) On entry of the order:

(1) all law-enforcement, prosecuting attorney,
clerk of court, and juvenile court files and records
ordered sealed shall be sent to the court issuing the
order;
(2) all files and records of a public or private
agency or institution ordered sealed shall be sent to
the court issuing the order;
(3) all index references to the files and records
ordered sealed shall be deleted;
(4) the juvenile court, clerk of court, prosecuting
attorney, public or private agency or institution, and
law-enforcement officers and agencies shall properly
reply that no record exists with respect to such person
upon inquiry in any matter; and
(5) the adjudication shall be vacated and the proceed-
ing dismissed and treated for all purposes, including the
purpose of showing a prior finding of delinquency, as if
it had never occurred.

Section 51.14 is designed to preserve the traditional confidentiality
of files and records concerning juvenile proceedings. Symposium, Texas
Family Code, 5 Texas Tech Law Review, p. 533 (1974). However, general
statistical data which provides no real opportunity for identification of the
juvenile offender in no way threatens such confidentiality. We therefore
construe the language "records" "relating to child" or "concerning a child"

as contained in section 51.14 to include only those records which furnish a basis for the identification of the child.   Since the records submitted on forms IR-40A (REV 1-74) and IR-103 pursuant to articles 4413(14) and 4476-15, section 5.14, do not provide such a basis, they may be furnished to the Department of Public Safety.

## SUMMARY

Statistics concerning the nature and number of criminal offenses committed within a particular jurisdiction may be submitted to the Department of Public Safety provided that such statistics furnish no basis for identification of a juvenile offender.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg